Citation Nr: 1749190 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 14-34 797A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to an earlier effective date for service connection for left ear tinnitus, due to clear and unmistakable error (CUE) in the September 1957 rating decision (CUE for tinnitus). 

2. Entitlement to an earlier effective date of service connection for left ear hearing loss, due to CUE in the September 1957 rating decision (CUE for left ear hearing loss). 

3. Entitlement to an earlier effective date of service connection for right ear hearing loss, due to CUE in the September 1957 rating decision (CUE for right ear hearing loss). 

4. Entitlement to an effective date prior to January 28, 2010, for the award of service connection for left ear hearing loss, not based on CUE. 

5. Entitlement to an effective date prior to January 28, 2010, for the award of service connection for left ear tinnitus, not based on CUE. 

6. Entitlement to an initial, compensable rating for bilateral hearing loss, from January 28, 2010.

7. Entitlement to an initial, higher rating for left ear hearing loss, prior to January 28, 2010.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Lindio, Counsel


INTRODUCTION

The Veteran served on active duty from June 1953 to June 1956. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. 

In a July 2010 rating decision, the RO continued its denial of service connection for left ear hearing loss and tinnitus, based on the failure to submit new and material evidence. The RO denied service connection for right ear hearing loss. 

In March 2012, the Veteran testified during a hearing before a Decision Review Officer (DRO) at the RO, as to the issues of service connection for bilateral hearing loss and tinnitus. The Veteran also provided testimony as to why he believed an earlier effective date would be warranted for his claims based on CUE, prior to any grants of service connection. 

In an April 2014 rating decision, the RO granted service connection for left ear hearing loss, with an initial, noncompensable disability rating, effective January 28, 2010. The RO also granted service connection for left ear tinnitus, with a 10 percent disability rating, effective January 1, 2010. 

In an August 2014 rating decision, the RO found clear and unmistakable error in the January 1, 2010 effective date assigned for service connection of left ear tinnitus, and established an effective date of January 28, 2010.

In June 2014, the Veteran filed a notice of disagreement with his left ear hearing loss rating and requested an earlier effective date for the grant of service connection for left ear hearing loss and tinnitus (not based on CUE). 

Also, in July 2015, the Veteran testified during a hearing, as to an increased rating for left ear hearing loss, and earlier effective dates for service connection for left ear hearing loss and tinnitus (not based on CUE), before the undersigned Veterans Law Judge in Washington, DC. A transcript of the hearing is of record. 

In October 2015 the Board granted service connection for a claim for loss of right testicle due to epididymitis. At that time, the Board also remanded the claims for service connection for right ear hearing loss, an increased rating for left ear hearing loss, and earlier effective dates for left ear hearing loss and tinnitus (not based on CUE).

In a June 2016 rating decision, the RO denied earlier effective dates for service connection for tinnitus and left ear hearing loss, based on CUE in the September 1957 rating decision. The Veteran filed a notice of disagreement in July 2016. Following a September 2016 Board remand (discussed below), the RO issued an October 2016 statement of the case (SOC). The Veteran filed a substantive appeal that month and requested a Board hearing. However, in an October 2017 communication, he withdrew his hearing request. 

In September 2016, the Board granted service connection for right ear hearing loss, and remanded the earlier effective date claims (not based on CUE) and increased rating for left ear hearing loss claim for additional development. The Board also remanded the claims for CUE, regarding left ear hearing loss and tinnitus, in the September 1957 rating decision for the issuance of a statement of the case, which is discussed in the above paragraph. 

The Board notes that the RO has not issued a rating decision addressing a claim for CUE for right ear hearing loss. However, at the same time that the RO granted service connection for right ear hearing loss in an October 2016 rating decision, it also issued the October 2016 SOC, wherein it recharacterized the Veteran's claim of CUE for left ear hearing loss to CUE for bilateral hearing loss. The Veteran subsequently filed a substantive appeal for that SOC and indicated that his claim was for bilateral hearing loss. As VA has asserted continued jurisdiction over this issue, it remains properly on appeal. As such, it is not possible to now assert that the Veteran did not wish to continue the adjudication of his claim. See Percy v. Shinseki, 23 Vet. App. 37 (2009) (holding that VA waived any objections as to the content of the appeal by treating the issue as on appeal for five years).

In an October 2016 rating decision, the RO implemented the award of service connection for right ear hearing loss, and assigned a noncompensable rating, effective January 28, 2010. In September 2017, the Veteran filed a notice of disagreement. In an October 2017 correspondence, the RO informed the Veteran that his claim for an increased rating for right ear hearing loss is already a claim for bilateral hearing loss and currently before the Board. The Board notes that it has characterized the Veteran's claim as a claim for an increased rating from January 28, 2010 for bilateral hearing loss. However, prior to January 28, 2010, the Veteran was not service-connected for bilateral hearing loss, as such, for the prior period only left ear hearing loss (for which he is service-connected prior to January 28, 2010, per the decision herein) will be considered. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The issue of an increased rating for left ear hearing loss, prior to January 1, 2010, is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.


FINDINGS OF FACT

1. The Veteran filed his initial claim for service connection for tinnitus in March 1957, within a year of his June 1956 separation from service. 

2. The RO denied service connection for left ear tinnitus and left ear defective hearing in a September 1957 rating decision, noting that a VA examination showed tinnitus and high frequency hearing loss in the left ear, but that service treatment records did not show complaints of, or treatment for, such disorders in service. 

3. Service treatment records document complaints of, and treatment for, left ear hearing loss and tinnitus during service. 

4. For the claims for CUE for left ear hearing loss and tinnitus, the record establishes, without debate, that the correct facts, as then known, were not before the RO at the time of the September 1957 rating decision, and that error manifestly changed the outcome of the decision at the time it was made.

5. For the claim for CUE for right ear hearing loss, the Veteran has not established, without debate, that the correct facts, as then known, were not before the RO at the time of the September 1957 rating decision, that the RO incorrectly applied the applicable statutory and regulatory provisions existing at that time, or that an error would have manifestly changed the outcome at the time it was made.

6. In this decision, the Board has found CUE in the September 1957 rating decision and that an effective date of June 9, 1956, for the grant of service connection for left ear hearing loss is established; this is a full grant of the benefit sought by the Veteran. 

7. In this decision, the Board has found CUE in the September 1957 rating decision and that an effective date of June 9, 1956, for the grant of service connection for left ear tinnitus is established; this is a full grant of the benefit sought by the Veteran. 

8. From January 28, 2010, the Veteran has demonstrated an exceptional pattern of hearing impairment with no worse than Level V hearing in the right ear and Level IX hearing in the left ear.


CONCLUSIONS OF LAW

1. The September 1957 rating decision that denied service connection for left ear hearing loss and tinnitus was clearly and unmistakably erroneous, as to those claims. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. §§ 3.104, 3.105, 20.302(a), 20.1103 (2016).

2. The September 1957 rating decision in which the RO did not address right ear hearing loss is not shown to involve CUE, and is final. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. §§ 3.104, 3.105, 20.302(a), 20.1103 (2016).

3. The criteria for the assignment of an effective date of June 9, 1956 for the grant of service connection for left ear hearing loss have been met. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. §§ 3.105(a), 38 C.F.R. § 3.400(b)(2)(i) (2016). 

4. The criteria for the assignment of an effective date of June 9, 1956 for the grant of service connection for left ear tinnitus have been met. 38 U.S.C.A. § 5110 (West 2014); 38 C.F.R. §§ 3.105(a), 38 C.F.R. § 3.400(b)(2)(i) (2016). 

5. There are no remaining questions of fact or law to be decided on the issue of entitlement to an earlier effective date for left ear hearing loss. 38 U.S.C.A. § 7104 (West 2014).

6. There are no remaining questions of fact or law to be decided on the issue of entitlement to an earlier effective date for left ear tinnitus. 38 U.S.C.A. § 7104 (West 2014).

7. From January 28, 2010, the criteria for an initial disability rating of 40 percent, and no higher, for bilateral hearing loss is met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.102, 3.321, 4.1-4.10, 4.85, Diagnostic Code 6100 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Earlier Effective Date for the Grant of Service Connection
for Right Ear Hearing Loss, Left Ear Hearing Loss, and Left Ear Tinnitus, 
Due to Clear and Unmistakable Error (CUE)

The Veteran contends that he is entitled to an effective date prior to January 28, 2010, for the grant of service connection for right ear hearing loss, and left ear hearing loss and tinnitus, due to CUE in the September 1957 rating decision. 

Following a March 1957 claim for service connection for "ringing in ears," the RO initially denied service connection for the claim in a July 1957 letter. In a September 1957 VA examination, a VA examiner found left ear tinnitus and impaired hearing in high frequencies of only the left ear.

In a September 1957 rating decision, the RO specifically denied service connection for left ear tinnitus and left defective hearing. The RO found that the VA examination showed tinnitus and high frequency hearing loss in the left ear, but that service treatment records did not show complaints of, or treatment for, the disorders in service. The RO did not address a question of possible right ear hearing loss, but did deny service connection for "hearing defect," then specified defective left ear hearing.

The Veteran did not file a notice of disagreement with the March 1957 rating decision; the rating decision was rendered "final." See 38 U.S.C.A. § 7105(c); 38 C.F.R. §§ 3.104, 20.302, 20.1103.

Under the provisions of 38 C.F.R. § 3.105(a), previous determinations that are final and binding will be accepted as correct in the absence of CUE. However, if the evidence establishes CUE, the prior decision will be reversed and amended. A finding of CUE has the same effect as if the corrected decision had been made on the date of the reversed decision.

In determining whether a prior determination involves CUE, the Court has established a three-prong test. The three prongs are: (1) either the correct facts, as they were known at the time, were not before the adjudicator (i.e., there must be more than simple disagreement on how the facts were weighed or evaluated), or the statutory/regulatory provisions extant at that time were not correctly applied; (2) the error must be "undebatable" and of the sort which, if it had not been made, would have manifestly changed the outcome at the time it was made; and (3) a determination that there was CUE must be based on the record and law that existed at the time of the adjudication in question. Damrel v. Brown, 6 Vet. App. 242, 245 (1994), citing Russell v. Principi, 3 Vet. App. 310, 313-14 (1992)(en banc).

CUE is a very specific and rare kind of "error." It is the kind of error in fact or law that, when called to the attention of later reviewers, compels the conclusion, to which reasonable minds could not differ, that the result would manifestly have been different but for the error. Generally, the correct facts, as they were known at the time, were not before the RO, or the statutory and regulatory provisions extant at the time were incorrectly applied. Even when the premise of error is accepted, if it is not absolutely clear that a different result would have ensued, the error complained of cannot be ipso facto clear and unmistakable. Fugo v. Brown, 6 Vet. App. 40, 43-44 (1993), citing Russell, 3 Vet. App. at 313-14.

A determination of CUE must be based on the record and the law that existed at the time of the prior adjudication. Baldwin v. West, 13 Vet. App. 1(1999); Caffrey v. Brown, 6 Vet. App. 377 (1994).

The Board notes that a claim of CUE is a collateral attack on an otherwise final rating decision by a VA regional office. Smith v. Brown, 35 F.3d 1516, 1527 (Fed. Cir. 1994). As such, there is a presumption of validity that attaches to a final decision, and when such a decision is collaterally attacked the presumption becomes even stronger. Fugo, 6 Vet. App. at 43-44. Therefore, a claimant who seeks to obtain retroactive benefits based on CUE has a much heavier burden than that placed on a claimant who seeks to establish prospective entitlement to VA benefits. Akins v. Derwinski, 1 Vet. App. 228, 231 (1991). Here, as regards the September 1957 rating decision, the Veteran's allegations meet the CUE criteria noted above.

The Veteran has put forth multiple CUE claims, including in a June 2011 correspondence. At that time, the Veteran noted that his June 1953 enlistment examination showed he was sound and that his April 1956 separation examination noted hearing loss, as well as, what he contends is a showing of continuity of tinnitus and hearing loss. He argued that the 1957 rating decision lacked a sustainable basis for the conclusion of ear condition not service incurred by failing to consider the totality of the evidence nor did the adjudication process rebut facts/evidence of record, including the presumption of soundness, duty history as implicitly causal, and medical documentation of continuity of the ear condition (tinnitus eardrum & hearing loss), or apply comprehensively the statutory and regulatory provisions extant at the time of final adjudication and 38 U.S.C. § 1154 and 38 C.F.R. § 3.303.

In a June 2014 statement, the Veteran claimed that the right ear injury was incurred at the same instance and under the same acoustic trauma conditions of tinnitus and the left ear hearing loss injury. He also claimed that the RO failed to convert ASA audiogram units to ISO units and therefore the decision to deny service connection is based upon incorrect audiograms.

As to the claims for an earlier effective date based on CUE, for service connection for left ear hearing loss and tinnitus, the Board finds that the three prong test for CUE has been met. First, in the September 1957 rating decision, the RO did not note the correct facts. In contrast to the report in the rating decision, the service treatment records do in fact show tinnitus and high frequency hearing loss in the left ear. The June 1953 enlistment examination documented normal hearing. A September 1954 service treatment record documented a complaint of left ear tinnitus for the past year. He received a diagnosis of tinnitus, cause undetermined. Also, the June 1956 separation examination included a finding by the examiner that the Veteran was hard of hearing in the left ear, and audiogram findings showed higher levels of hearing loss in the upper frequencies of the left ear. Second, as the service treatment records document actual findings of both left ear hearing loss and tinnitus, the error is undebatable. The RO's error in not finding that the Veteran had left ear hearing loss and tinnitus in service manifestly changed the outcome of the rating decision, as the RO had effectively found that the Veteran did not have such disorders in service. Third, based on the record and law that existed in September 1957, the Veteran did not have left ear hearing loss or tinnitus prior to service, during service he was diagnosed with both left ear hearing loss and tinnitus, and continuity was established by his March 1957 claim and the September 1957 VA examination finding left ear tinnitus and left ear high frequency hearing loss. Under such facts, service connection would be warranted.

Accordingly, for left ear hearing loss and tinnitus, the Board finds that the correct facts, as they were known at the time, were not before the adjudicator at the time of the September 1957 rating, that such error is undebatable, and that it manifestly changed the outcome of the Veteran's claim. Consequently, the Board finds CUE in the September 1957 rating decision for those two claims. 

Generally, the Veteran's March 26, 1957 date of claim would be the effective date for the grant of service connection. However, the March 1957 claim was filed within a year of his June 8, 1956 separation from service. As such, the Board finds that an effective date of June 9, 1956 - the day after his separation from service - for the grant of service connection for left ear hearing loss and tinnitus is established. 38 C.F.R. § 3.400(b)(2)(i). 

However, as to the claim for an earlier effective date, based on CUE, for the grant of service connection for right ear hearing loss, the Board finds that the three prong test for CUE has not been met. The Board notes that the Veteran did not file a claim for hearing loss in 1957. Rather, the RO, sua sponte, derived a left ear hearing loss claim from the September 1957 VA examiner's finding of left ear hearing loss. However, the VA examiner also made clear that there was only left ear hearing loss, and no right ear hearing loss. Furthermore, in contrast to the left ear hearing loss and tinnitus claims, service treatment records do not document complaints of, or treatment for, right ear hearing loss. As such, there was no indication at that time that a right ear hearing loss was being raised and the correct facts, as they were known at the time, were before the adjudicator. As there was no claim for right ear hearing loss, the statutory/regulatory provisions extant at that time were correctly applied and no such claim was considered. 

For right ear hearing loss, the Veteran's allegation of CUE essentially amounts to an assertion that VA should have weighed the medical evidence of the service treatment records and VA examination differently, alleging right ear injury was incurred at the same instance and under the same acoustic trauma conditions of tinnitus and the left ear hearing loss injury and that the RO failed to convert ASA audiogram units to ISO units. He essentially contends that his in-service left ear hearing loss and tinnitus findings somehow implied a right ear hearing loss claim, and that his current implication of chronicity of right ear hearing loss is of greater probative value than the RO's consideration of normal right ear hearing findings by the VA examiner. Mere disagreement with how facts were evaluated is an inadequate basis under which to raise the claim of CUE. Luallen v. Brown, 8 Vet. App. 92, 95 (1995). Similarly, allegations that the previous adjudication improperly weighed and evaluated the evidence can never rise to the stringent definition of CUE. See 38 U.S.C.A. § 5109A; 38 C.F.R. § 3.105(a); Pierce v. Principi, 240 F.3d 1348 (Fed. Cir. 2001); Damrel v. Brown, 6 Vet. App. 242 (1994); Fugo v. Brown, 6 Vet. App. 40 (1993). The Board further notes, in passing, that even when the audiometric data originally recorded using ASA standards is converted to ISO-ANSI the Veteran's right ear hearing does not rise to the level of a hearing disability for VA purposes under 38 C.F.R. § 3.385.

The Board finds that, for the CUE for right ear hearing loss claim, regardless of any errors made by the RO in the September 1957 rating decision, such errors do not rise to the level of CUE, because the Veteran has not established that he filed such a claim, or that he would have been entitled to benefits for right ear hearing loss at that time. To establish CUE, it is incumbent on a veteran to establish entitlement to benefits as of the date of the claim being challenged as CUE. A veteran must show that an outcome-determinative error occurred. Evans v. McDonald, 27 Vet. App. 180 (2014), citing Bustos v. West, 179 F.3d 1378, 1381 (Fed. Cir. 1999) (noting "[t]he requirement that CUE must be outcome-determinative," and stating that 38 C.F.R. § 3.105 does not contemplate findings of CUE "when there is no dispositive impact on the ultimate outcome"); see also Cook v. Principi, 318 F.3d 1334, 1346 (Fed. Cir. 2002) (en banc) (re-affirming the "requirement[ ] that a clear and unmistakable error be outcome determinative"); King v. Shinseki, 26 Vet. App. 433, 441 (2014) (stating that "a manifest change in the outcome of the adjudication means that, absent the alleged clear and unmistakable error, the benefit sought would have been granted at the outset") (emphasis added); Russell v. Principi, 3 Vet. App. 310, 320 (1992) (en banc) (CUE requires showing "manifestly that the correction of the error would have changed the outcome").

At the time of the September 1957 rating decision, the evidence of record showed that the Veteran's service treatment records were negative as to right ear hearing loss findings and complaints, that his separation examination showed normal right ear hearing, and that the September 1957 VA examiner found normal right ear hearing. Furthermore, as previously noted, the Veteran never filed a claim for right ear hearing loss. As such, the Veteran has not established that he was entitled to such benefits at that time.

For the CUE for right ear hearing loss claim, under these circumstances, the Board must conclude that the Veteran has not established, without debate, that the correct facts, as then known, were not before the RO at the time of the September 1957 rating decision, or that the RO incorrectly applied the applicable statutory and regulatory provisions existing at that time; and that, but for any such alleged error, the outcome of the decision would have been different. As such, CUE for right ear hearing loss has not been established.

As to the claims for CUE for left ear hearing loss and tinnitus, the Board finds CUE in the September 1957 rating decision, and that an effective date of June 9, 1956 for the grant of service connection for each disability is warranted. However, the Board finds no such CUE in the September 1957 rating decision as to the effective date for right ear hearing loss and that claim is denied. 

Earlier Effective Date for the Grant of Service Connection
for Left Ear Hearing Loss and Tinnitus, 
Not Due to Clear and Unmistakable Error (CUE)

Following an April 2014 rating decision, wherein the RO granted service connection for left ear hearing loss and tinnitus, the Veteran appealed the effective dates granted for those disabilities. The RO adjudicated those appealed claims as ones for earlier effective dates, on a basis other than CUE. 

In the above decision, the Board has found CUE in the September 1957 rating decision, as to the denials of service connection for left ear hearing loss and tinnitus. As such, the Board is granting an earlier effective date of June 9, 1956 (the day following the Veteran's separation from service), the earliest date possible, for the grants of service connection for left ear hearing loss and tinnitus. This is a complete grant of the benefits sought on appeal in this decision. Having been rendered moot, the claims for earlier effective dates for the grants of service connection for left ear hearing loss and tinnitus, not due to CUE, must be dismissed. 

Increased Rating Claim for Bilateral Hearing Loss,
from January 28, 2010

The Veteran contends that a compensable rating is warranted for his service-connected bilateral hearing loss, from January 2010. 


A. Applicable Law

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The Rating Schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service. The ratings are intended to compensate, as far as can practicably be determined, the average impairment of earning capacity resulting from such diseases and injuries and their residual conditions in civilian occupations. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1. 

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise the lower rating will be assigned. 38 C.F.R. § 4.7. All benefit of the doubt will be resolved in the Veteran's favor. 38 C.F.R. § 4.3.

Where the evidence contains factual findings that demonstrate distinct time periods in which the service-connected disability exhibits symptoms that would warrant different evaluations during the course of the appeal, the assignment of staged ratings is appropriate. Fenderson v. West, 12 Vet. App. 119 (1999).

The Veteran's service-connected bilateral hearing loss is currently assigned a noncompensable rating under 38 C.F.R. § 4.85, Diagnostic Code 6100, effective April 15, 2010. The Veteran contends that his hearing disability is worse than the currently assigned evaluation. Therefore, he alleges that he is entitled to an initial compensable rating for such disability.

Ratings of hearing loss range from noncompensable to 100 percent based on organic impairment of hearing acuity as measured by the results of speech discrimination tests combined with the average hearing threshold levels as measured by pure tone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 cycles per second. To rate the degree of disability for service-connected hearing loss, the Rating Schedule has established eleven auditory acuity levels, designated from level I, for essentially normal acuity, through level XI, for profound deafness. 38 C.F.R. § 4.85(h), Table VI. In order to establish entitlement to a compensable rating for hearing loss, it must be shown that certain minimum levels of the combination of the percentage of speech discrimination loss and average pure tone decibel loss are met. The assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are rendered. Lendenmann v. Principi, 3 Vet. App. 345, 349 (1992).

The criteria for rating hearing impairment use controlled speech discrimination tests (Maryland CNC) together with the results of pure tone audiometry tests. These results are then charted on Table VI, Table VIA in exceptional cases as described in 38 C.F.R. § 4.86, and Table VII, as set out in the Rating Schedule. 38 C.F.R. § 4.85. An exceptional pattern of hearing loss occurs when the pure tone threshold at 1000, 2000, 3000, and 4000 Hertz is 55 decibels or more, or when the pure tone threshold is 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz. 38 C.F.R. § 4.86. When the puretone threshold at each of the four specified frequencies (1000, 2000, 3000, and 4000 Hertz) is 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VI(a), whichever results in the higher numeral. Each ear will be evaluated separately. See 38 C.F.R. § 4.86(a). When the puretone threshold is 30 decibels or less at 1000 Hertz, and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. That numeral will then be elevated to the next higher Roman numeral. See 38 C.F.R. § 4.86 (b).

B. Factual Background and Analysis

During the period from January 28, 2010, VA medical records, other than the August 2014 record noted herein, generally document complaints of, or treatment for, bilateral hearing loss, but do not provide enough information for rating purposes. Similarly, the March 2010 letter and audiogram and April 2016 letter from Dr. J. Z. did not include information for rating purposes.

An April 2013 VA examination revealed the following pure tone thresholds, measured in decibels:




HERTZ



1000
2000
3000
4000
AVERAGE
RIGHT
15
70
80
70
59
LEFT
20
95
105
95
79

Word recognition testing revealed speech recognition ability of 80 percent for the right ear and 56 percent for the left ear. These audiometry test results equate to Level IV hearing in the right ear and Level VIII in the left ear using Table VI. However, as there is an exceptional pattern of hearing loss demonstrated, the Board will also consider rating each ear using Table VIA, which equate to Level IV hearing in the right ear and Level VII in the left ear. 38 C.F.R. § 4.85. The Roman numeral designations are worse under Table VI. After elevation to the next higher Roman numeral (i.e., Level V in the right ear and Level IX in the left ear), this results in a 40 percent disability rating. 

An August 2014 VA evaluation for hearing aids revealed the following pure tone thresholds, measured in decibels:




HERTZ



1000
2000
3000
4000
AVERAGE
RIGHT
15
70
70
75
58
LEFT
20
95
100
105
80

Word recognition testing revealed speech recognition ability of 76 percent for the right ear and 72 percent for the left ear. These audiometry test results equate to Level IV hearing in the right ear and Level VI in the left ear using Table VI, and Level IV hearing in the right ear and Level VII in the left ear using Table VIA. The Roman numeral designations are worse under Table VIA. After elevation to the next higher Roman numeral (i.e., Level V in the right ear and Level VIII in the left ear), this results in a 30 percent disability rating. 

The March 2016 VA examination revealed the following pure tone thresholds, measured in decibels:




HERTZ



1000
2000
3000
4000
AVERAGE
RIGHT
15
70
70
60
56
LEFT
15
90
100
100
76

Word recognition testing revealed speech recognition ability of 92 percent for the right ear and 76 percent for the left ear. These audiometry test results equate to Level I hearing in the right ear and Level V in the left ear using Table VI, and Level IV hearing in the right ear and Level VI in the left ear using Table VIA. The Roman numeral designations are worse under Table VIA. After elevation to the next higher Roman numeral (i.e., Level V in the right ear and Level VII in the left ear), this results in a 30 percent disability rating. 

The Board resolves reasonable doubt in favor of the Veteran and finds that his bilateral hearing impairment more nearly approximates the criteria associated with a 40 percent disability rating for the entire appeal period decided herein. As such, he is entitled to an initial rating of 40 percent, and no higher, for his bilateral hearing loss.
 
The Board notes that, in Martinak v. Nicholson, 21 Vet. App. 447, 455 (2007), the Court held that, relevant to VA audiological examinations, in addition to dictating objective test results, a VA audiologist must fully describe the functional effects caused by a hearing disability in his or her final report. In this regard, the Board finds that both VA examiners addressed the functional effects resulting from the Veteran's bilateral hearing loss, which included difficulty understanding conversation and employer complaints.

To the extent that the Veteran contends that his hearing loss is even more severe than currently evaluated, the Board observes that the Veteran, while competent to report symptoms such as difficulty understanding conversation, as per his VA examinations, he is not competent to report that his hearing acuity is of sufficient severity to warrant a higher evaluation under VA's tables for rating hearing loss disabilities because such an opinion requires medical expertise (training in evaluating hearing impairment), which he has not been shown to have. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Charles v. Principi, 16 Vet. App. 370 (2002); Woehlaert v. Nicholson, 21 Vet. App. 456 (2007).

Despite the foregoing, the Board acknowledges the Veteran's reports of the difficulty understanding conversation and employer complaints. Even after considering such contentions as to the effects of the disability on his daily life, the Board finds that the criteria for a higher rating are not met. See Lendenmann, supra (assignment of disability ratings for hearing impairment are derived by a mechanical application of the rating schedule to the numeric designations assigned after audiometric evaluations are rendered). There have been no reports of unemployability and the 40 percent disability rating recognizes some difficulty with employment. 

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

The Board finds that a disability rating of 40 percent, and no higher, is warranted for bilateral hearing loss, from January 28, 2010. 


ORDER

The September 1957 rating decision on the claim for entitlement to an effective date prior to January 28, 2010, for the grant of service connection for left ear hearing loss contained CUE; it is revised to grant an effective date of June 9, 1956. 

The September 1957 rating decision on the claim for entitlement to an effective date prior to January 28, 2010, for the grant of service connection for tinnitus contained CUE; it is revised to grant an effective date of June 9, 1956. 

The request to revise or reverse the September 1957 rating decision on the basis of CUE, in order to grant an effective date prior to January 28, 2010 for the grant of service connection for right ear hearing loss, is denied. 

The claim for entitlement to an earlier effective date for the grant of service connection for left ear hearing loss, not based on CUE, has been rendered moot and is dismissed.

The claim for entitlement to an earlier effective date for the grant of service connection for tinnitus, not based on CUE, has been rendered moot and is dismissed.

From January 28, 2010, subject to the laws and regulations governing the award of monetary benefits, entitlement to an initial disability rating of 40 percent, and no higher, is granted.

 
REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran's remaining increased rating claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159.

Although the Board is able to adjudicate the increased rating claim for bilateral hearing loss, from January 28, 2010, in the decision above, the Board granted clear and unmistakable error in the September 1957 rating decision as to the claim of service connection for left ear hearing loss. Subsequently the RO must implement the Board's grant and assign an initial rating for the left ear hearing loss, prior to January 28, 2010 (from which time the Veteran is in receipt of service connection for bilateral hearing loss, not solely left ear hearing loss). 

As such, the claim for an increased rating prior to January 28, 2010 for left ear hearing loss cannot be adjudicated prior to the RO's determination of the initial rating for left ear hearing loss, following its implementation of the grant of CUE for left ear hearing loss. This is in accordance with the general principles set forth in Harris v. Derwinski, 1 Vet. App. 180, 183 (1991), in which the United States Court of Appeals for Veterans Claims recognized that inextricably intertwined claims should not be adjudicated piecemeal. See Tyrues v. Shinseki, 23 Vet. App. 166, 177 (2009) (en banc) (explaining that claims are "inextricably intertwined" where the adjudication of one claim could have a significant impact on the adjudication of another).

Accordingly, the case is REMANDED for the following actions:

1. The AOJ should perform all necessary actions to implement the grant of CUE in the September 1957 rating decision, for the grant of service connection for left ear hearing loss, and assign an initial rating(s) for left ear hearing loss, prior to January 28, 2010. 

2. When the above actions have been completed, the case should again be reviewed by the AOJ. If the benefit sought is not granted, the AOJ should furnish the Veteran a supplemental statement of the case and a reasonable opportunity to respond before returning the record to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
TANYA SMITH 
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs